**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis GONZALEZ, Defendant–**
**Appellant.**

**No. 03–41498**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 22, 2004.

James Lee Turner, Assistant U.S. Attorney, Julia Bowen Stern, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, H. Michael Sokolow, Christopher Atkinson Jenkins, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jose Luis Gonzalez appeals his jury-trial conviction for possession with intent to

* Pursuant to 5TH CIR. R. 47.5, the court has     determined that this opinion should not be

distribute more than five kilograms of cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

Gonzalez first argues that the district court erred by not allowing certain testimony from a law enforcement agent. That testimony concerned specific information about possible sentencing reductions that the agent provided to Gonzalez during his interrogation. Because other law enforcement agents testified that Gonzalez already had confessed before being advised of possible sentence reductions, and because the jury heard some testimony that Gonzalez had been advised of the possibility of sentencing reductions during his interrogation, we conclude that any error in excluding the specific testimony was harmless. *See Delaware v. Van Arsdall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ("[A]n otherwise valid conviction should not be set aside if ... the constitutional error was harmless beyond a reasonable doubt.").

Gonzalez also argues that the Government failed to prove that he knowingly possessed the type and amount of controlled substance alleged in the indictment. As Gonzalez concedes, this argument is foreclosed by this court's decision in *United States v. Gamez–Gonzalez,* 319 F.3d 695, 700 (5th Cir.), *cert. denied* 538 U.S. 1068, 123 S.Ct. 2241, 155 L.Ed.2d 1126 (2003).

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.